UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DWIGHT J. MITCHELL and )
SUN VALLEY HOME FOR THE AGED, )
)
Plaintiffs, )
)
v. ) No. 3:10-cv-569
) Judge Haynes
CITIZENS BANK, )
)
Defendants. )

## ORDER

Pending before the Court is a *pro se* complaint brought under 28 U.S.C. § 1331. Plaintiff Dwight J. Mitchell is the owner and operator of the Sun Valley Home for the Aged, which is no longer occupied by residents. (Docket No. 1). With his complaint, Plaintiff Mitchell also submitted an application to proceed *in forma pauperis*, (Docket No. 2), which the Court granted on June 16, 2010 (Docket No. 3).

The Plaintiff alleges that Citizens Bank discriminated against him and his business due to his race in the terms and conditions of loans provided to the Plaintiff by Citizens Bank in Hartsville, Tennessee. Plaintiff also alleges that Citizens Bank engaged in fraudulent business practices with regard to loan and property transactions. The Plaintiff further alleges that Citizens Bank engaged in a conspiracy to shut down the Plaintiff's business, which led to the Plaintiff being unable to make timely payments on the loans provided to him by Citizens Bank and, ultimately, to the institution of foreclosure proceedings against the Plaintiff's property in May 2010. The Plaintiff asks the Court to enjoin the foreclosure proceedings and to quiet title in this matter. The Plaintiff also seeks actual and punitive damages for the discriminatory, intentional and/or negligent acts of Citizen Bank.

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails

1

to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

The Court has reviewed the instant complaint and finds that it contains at least one colorable claim under the Truth in Lending Act and the Fair Housing Act. 28 U.S.C. § 1915(e)(2).

The Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for each defendant. The Plaintiff will complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendant(s). The Plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

**ENTERED** this the ___2nd___ day of ___October___, 2010.

William J. Haynes, Jr.
United States District Judge

2