UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DWIGHT J. MITCHELL, et al., )
)
    Plaintiffs, )
)
v. ) No. 3:10-00569
) JUDGE HAYNES
)
CITIZENS BANK, )
)
    Defendant. )

## MEMORANDUM

Plaintiffs, Dwight J. Mitchell and Sun Valley Home for the Aged, filed this action pro se under the Truth in Lending Act ("TILA") and the Fair Housing Act ("FHA") against the Defendant, Citizens Bank.

Before the Court is Defendant's motion to dismiss (Docket Entry No. 12), contending that TILA and FHA apply only to residential transactions and the transaction in this case is wholly commercial in nature. Defendant also contends that Plaintiff's claims are barred by res judicata. To date Plaintiff has not filed a response pursuant to Local Rule 7.01(b) nor requested an extension to do.

## I. ANALYSIS OF COMPLAINT

Plaintiff, Dwight J. Mitchell, is the owner and operator of the Sun Valley Home for the Aged, "a business established as a sole proprietorship," but no longer has residents. (Docket Entry No. 1, Complaint at ¶¶ 2, 16). On February 2, 1990, Plaintiff purchased property in Hartsville, Tennessee, and "began efforts to improve the property and to upgrade the structure on the property in order to

set up the physical facility where elderly persons could be housed, and fed in a retirement home. In order to bring the structure up to codes Dwight Jerome Mitchell applied for a loan to secure working capital to cover the costs of upgrades." Id. at ¶¶ 4-5. In or around February 1995, Plaintiff acquired a loan from Defendant "to add an appropriate sprinkler system, as well as, make other physical upgrades to his retirement home location." Id. at ¶ 8. In November 1996, Plaintiff acquired a loan from Defendant as "Dwight Mitchell d/b/a Sun Valley Home for the Aged." Id. at ¶ 9. Plaintiff sought additional loans from Defendant in 2002 to remodel his retirement facilities. Id. at ¶¶ 12-13. Plaintiff's loans were guaranteed and authorized by the Small Business Administration. Id. at ¶ 14.

Plaintiff alleges that Defendant discriminated against Plaintiff and his business due to his race in the terms and conditions of Plaintiff's loans. Id. at ¶ 17. Plaintiff also alleges that Defendant engaged in fraudulent business practices in the loan and property transactions. Id. at ¶ 22-23. Plaintiff further alleges that Defendant conspired to shut down Plaintiff's business, causing Plaintiff to be unable to make timely payments on the loans to the Defendant and the institution of foreclosure proceedings against Plaintiff's property in May 2010. Id. at ¶ 18-21.

## II. CONCLUSIONS OF LAW

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, _ U.S. _, 129 S.Ct. 1937, 1949 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "'need not accept as true legal

conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted). Pro se complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

TILA does not apply to "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 15 U.S.C. § 1603(1). TILA also does not cover credit transactions "in which a security interest is or will be acquired in real property, or in personal property used or expected to be used as the principal dwelling of the consumer." 15 U.S.C. § 1603(3). Here, Plaintiff's complaint alleges commercial transactions, namely a loan for improvements to the retirement facility in Hartsville. Plaintiff does not allege that the secured property was his principal dwelling. Because these transactions were commercial, the Court concludes that TILA does not apply. See LaPorte v. Countrywide Home Loans, Inc., No. 3:08-cv-408, 2009 WL 2905934, at *1-2 (E.D. Tenn. Sept. 3, 2009). Accordingly, Plaintiff's TILA claim is without merit.

The FHA prohibits discrimination against any person in the "terms, conditions, or privileges of sale or rental of a dwelling." 42 U.S.C. § 3604. A dwelling is defined as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families." 42 U.S.C. § 3602(b). The FHA provides that "It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate . . . because of race." 42 U.S.C. § 3605(a). Residential real estate-related transactions are defined as:

(1) The making or purchasing of loans or providing other financial assistance--

(A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or

(B) secured by residential real estate.

(2) The selling, brokering, or appraising of residential real property.

42 U.S.C. § 3605(b).

For a FHA claim, the commercial property owner must allege that "the defendant engaged in unlawful discrimination against a person or class of persons who reside or would reside in the dwelling absent the unlawful discrimination." Home Quest Mortgage LLC v. Am. Family Mutual Ins. Co., 340 F. Supp. 2d 1177, 1185 (D. Kan. 2004) (citing Shaikh v. City of Chicago, No. 00 C 4235, 2001 WL 123784, at *2-4 (N.D. Ill. Feb. 13, 2001)).

Here, Plaintiff does not allege that Defendant discriminated against any tenants of Sun Valley Home for the Aged. Plaintiff does not allege that Defendant discriminated against him in connection with his dwelling or a transaction concerning Plaintiff's residence. Plaintiff's allegations are that the Defendant administered loans "in ways that discriminate against him and his business on the basis of race." (Docket Entry No. 1, at ¶ 17). Thus, Plaintiff has failed to state a claim under the FHA because he owned the property as a commercial venture. See Home Quest Mortgage LLC, 340 F. Supp. 2d at 1188; Miller v. Bank of America, N.A., No. Civ.A. 01-1651(RMC), 2005 WL 1902945, *6 (D.D.C. Jul 13, 2005) (finding FHA inapplicable because the plaintiff used the properties for commercial purposes). Accordingly, Plaintiff's FHA claim is without merit.

For these reasons, the Court concludes that Defendant's motion to dismiss (Docket Entry No. 12) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the _11_ day of January, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge