UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DWIGHT J. MITCHELL, et al., )
)
    Plaintiffs, )
)
v. ) No. 3:10-00569
) JUDGE HAYNES
)
CITIZENS BANK, )
)
    Defendant. )

## O R D E R

Before the Court is Plaintiffs' motion to reconsider the Court's judgment (Docket Entry No. 20), asserting that the original petition has been amended "to include facts which further establish the manner and methods of defendant Citizens Bank to unlawfully administer the collection of loan payments crediting said payment to accounts other than those assigned to either plaintiff." Plaintiffs have submitted a "First Amended Petition."

"It is well established that pro se pleadings should be construed more liberally than pleadings drafted by lawyers." Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992). Therefore, the Court will consider Plaintiffs' motion either as a Rule 59(e) motion to alter or amend or as a Rule 60(b) request for relief. Waiters v. City of Cleveland, No. 1:08-CV-2006, 2009 WL 3063384, at *1 (N.D. Ohio Sept. 24, 2009).

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and

repose." Waiters, 2009 WL 3063384, at *1. A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999)). "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment, order or proceeding where the party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect." Brown v. White, No. 96-3610, 1997 WL 570399 at *2 (6th Cir. Sept.11, 1997). Rule "60(b)(6) should be used only in exceptional or extraordinary circumstances and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule

2

60(b)." Pierce v. United Mine Workers of America Welfare and Retirement Fund, 770 F.2d 449, 451 (6th Cir.1985) (citations omitted). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (citations omitted).

After reviewing Plaintiffs' motion for reconsideration and the filings in support, the Court concludes that Plaintiffs fail to raise any valid grounds to amend or vacate the Court's judgment under either Rule 59(e) or Rule 60(b). Plaintiffs do not demonstrate that a clear error of law or newly discovered evidence exists, an intervening change in controlling law has occurred, or that the granting of their motion would prevent manifest injustice. Nor do Plaintiffs establish any of the criteria under Rule 60(b). Plaintiffs are only rearguing their claims that Defendant engaged in fraudulent business practices in the loan and property transaction, that Defendant conspired to shut down Plaintiff's business, causing Plaintiff to be unable to make timely payments on the loans to the Defendant and the institution of foreclosure proceedings against Plaintiff's property.

To the extent Plaintiffs are seeking to amend their complaint, "district courts have the discretion to construe a Fed. R. Civ. P. 15(a) motion to amend a complaint as a Rule 60(b) motion after the entry of final judgment." Clarke v. Mindis Metals, Inc., 99 F.3d 1138, No. 95-5517, 1996 WL 616677, at *6 (6th Cir. Oct. 24, 1996) (citing Camp v. Gregory, 67 F.3d 1286, 1289-90 (7th Cir.1995)); Beamer v. Board of Crawford Tp. Trustee, No. 2:09-cv-213, at *3 (S.D. Ohio March 24, 2010) ("'It is well-settled that after a final judgment, a plaintiff may amend a complaint under [Rule] 15(a) only with leave a court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated.'") (citations omitted).

Having concluded that Plaintiffs have not established grounds to amend or vacate the Court's judgment under either Rule 59(e) or Rule 60(b), the Court concludes that any attempt by Plaintiffs to amend their complaint should be denied.

Accordingly, for these reasons, Plaintiffs' motion to reconsider (Docket Entry No. 20) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 26th day of January, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge