UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DWIGHT J. MITCHELL, and )
SUN VALLEY HOME FOR THE AGED, )
         Plaintiffs, )   No. 3:10-cv-569
 )   Chief Judge Haynes
v. )
 )
CITIZENS BANK, )
         Defendant. )

## ORDER

Before the Court is Plaintiff's motion to set aside (Docket Entry No. 26) the Order dismissing this action for failure to state a claim. (Docket Entry No. 16). Plaintiff contends that he has discovered new evidence to support his claim. As to Plaintiff's new legal claims, Plaintiff asserts that he "received sensitive but unclassified documents from the United States Department of Treasury" that reveals a misrepresentation resulting in "Citizens Bank [having] . . . no right for relief from the automatic stay issued by the U.S. Bankruptcy Court, as well as no right to pursue a foreclosure." (Docket Entry No. 26).

A motion to alter or amend a judgment under Fed. R. Civ. P. 60(b) is "extraordinary" relief only to be granted in "exceptional circumstances." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (quoting Bud Brooks Trucking Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)). For relief, "a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. In other words, the evidence cannot be merely impeaching or cumulative." Good, 149 F.3d at 423 (citations and

quotation marks omitted) (alteration in original). Rule 60(b)(2) motions must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff's newly found evidence is not a basis for relief under Rule 60(b)(2). Plaintiff's motion comes nearly a year after the relief period has expired. The Court dismissed Plaintiff's action on January 11, 2011 and Plaintiff moved for relief on October 22, 2013. See Fed. R. Civ. P. 60(c)(1). In addition, Plaintiff does not assert why the "newly discovered" evidence presented was unavailable at the time of the initial judgment, or how this evidence was not discoverable through due diligence prior to the Court's judgment. Finally, Plaintiff's evidence would not clearly have produced a different result. As Defendant responds, in spite of the lender's failure to secure the proper lien, "the action does not cause harm since the assets were abandoned." (Docket Entry No. 26-1 at 2; Docket Entry No. 28 at 4). Thus, because this evidence would not change the result, the Court concludes that the cited evidence is not "material and controlling." Good, 149 F.3d at 423. For these reasons, the Court does not discern any factual or legal basis to set aside the Order of dismissal.

Accordingly, Plaintiff's motion to set aside judgment (Docket Entry No. 26) is **DENIED**. This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 5th day of November, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court