IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SUN VALLEY TRANSPORTATION LLC, et al<br>   Plaintiffs,<br><br>v.<br><br>CITIZENS BANK,<br>   Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 3:10-cv-569<br>)   Chief Judge Crenshaw/Frensley<br>)<br>) |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Overturn Prior Judgment Based on Rule 60(d)(3) Fraud on the Court and for Addition of Sun Valley LLC as Plaintiff (Docket No. 33) and Corrected Motion to Overturn Prior Judgment Based on Rule 60(d)(3) Fraud on the Court (Docket No. 35), filed by Sun Valley, LLC.[1] The Defendant has filed a response to the corrected motion to overturn prior judgment. Docket No. 38. Sun Valley Transportation, LLC has filed a reply. Docket No. 39. For the reasons set forth herein, the undersigned recommends that the motion and corrected motion to overturn the prior judgment (Docket Nos. 33 and 35) be **DENIED**.

## BACKGROUND

On June 9, 2010, Dwight Mitchell and Sun Valley Home for the Aged filed an action in this Court seeking an injunction to prohibit Citizens Bank from foreclosing on certain real property connected with Sun Valley Home for the Aged. Docket No. 1. The action was filed following the

---

[1] A notice of appearance was filed on behalf of Sun Valley LLC. Docket No. 32. Articles of Organization from the Commonwealth of Kentucky were attached to the notice of appearance indicating the name of the company as Sun Valley Transportation LLC. Docket No. 32-1. The Court has been provided with no evidence of the existence of an entity known as Sun Valley LLC, but presumes the intended party is Sun Valley Transportation, LLC.

closure of Sun Valley Home for the Aged and the removal of patients by the State of Tennessee in August of 2007. Thereafter, Mr. Mitchell filed several bankruptcy petitions which ultimately led to Citizens Bank seeking foreclosure of the property.

The Court conducted a frivolity review of the Complaint and found that it contained "at least one colorable claim under the Truth in Lending Act and the Fair Housing Act." Docket No. 6. Upon service, Citizens Bank filed a motion to dismiss. Docket No. 12. The Plaintiffs did not respond to the motion to dismiss. The Court analyzed the Complaint in detail and granted the motion to dismiss. Docket Nos. 15 and 16. The Court entered judgment on January 12, 2011. Docket No. 17. On January 18, 2011, the Plaintiffs filed a motion to reconsider and proposed Amended Complaint. Docket No. 20, 20-1. The Court noted the submission of the First Amended Complaint but held that the Plaintiff did not raise valid grounds to amend or vacate the Court's judgment under Fed. R. Civ. P. 59(e) or 60(b) and thus denied their attempt to amend the complaint and the motion to reconsider. Docket No. 23.

Over two years later, on October 22, 2013, Plaintiffs filed a motion to set aside the dismissal under Rule 60(b)(2) of the Federal Rules of Civil Procedure. Docket No. 26. On November 5, 2013, the Plaintiff's motion to set aside dismissal was denied with the Court finding no factual or legal basis to set aside the order of dismissal. Docket No. 29.

On April 16, 2023, nearly ten years after the entry of the final order, Sun Valley Transportation, LLC filed the instant motion to overturn the prior judgment (Docket No. 33) and corrected motion to overturn prior judgment (Docket No. 35). Sun Valley Transportation, LLC seeks "to be added to this matter as a co-Plaintiff, that the judgment be overturned due to fraud on the Court and that *res judicata* not apply to the instant case or any cases dependent on it." Docket Nos. 33 and 35.

2

## LAW AND ANALYSIS

### A. Addition of Sun Valley Transportation, LLC as a Party

The Movant argues that "Sun Valley Home for the Aged is now part of the umbrella corporation as an (sic) Sun Valley LLC and Sun Valley LLC is re-asserting Sun Valley Home for The Aged's state law claims in this matter. As Sun Valley LLC is incorporated in the state of Kentucky, diversity jurisdiction is not affected. (Exhibit 3)." Docket No. 33, p. 5. The Movant seeks to join this action pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure. The Movant's briefing on this issues is unclear, unhelpful, and unpersuasive.

As an initial matter, the Notice of Appearance (Docket No. 32) in this matter and briefing on the instant motions (Docket Nos. 33 and 35) all reference an entity identified as "Sun Valley LLC." However, the Articles of Organization identify an entity as Sun Valley Transportation, LLC. Docket No. 32-1. The Movant states that Sun Valley LLC is incorporated in the state of Kentucky and references "Exhibit 3." Docket No. 33. However, there is no exhibit 3 nor has the Movant provided any documentation regarding the alleged incorporation of an entity known as "Sun Valley LLC."

Rule 20(a)(1) of Federal Rules of Civil Procedure allows the permissive joinder of Plaintiffs in a single action if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1).

Therefore, to join Plaintiffs in a single action the two independent requirements of Rule 20 must be met: (1) their claims must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question

of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a)(1).

The "transaction–or–occurrence" test of Rule 20(a) "is similar to the transaction-or-occurrence test of Rule 13(a) for compulsory counterclaims, which has been construed as requiring a 'logical relationship' between claims." *In Re: EMC Corp*, 677 F. 3d 1351, 1357-58 (6th Cir. 2012)(*quoting Moore v. New York Cotton Exchange*, 270 U. S. 593, 610 (1926)). The "logical relationship" test is met where substantial evidentiary overlap in the facts giving rise to the cause of action exists. *Id.* Doubts are to be resolved in favor of joinder. *See United Mine Workers of America v. Gibbs*, 383 U. S. 715, 724 (1966).

Federal courts have limited jurisdiction. *Gross v. Hougland,* 712 F. 2d 1034, 1036 (6th Cir 1983). The Constitution requires that federal courts only decide "cases" and "controversies." U. S. Const., Art. III, § 2, Cl. 1. As such, at the time a federal court adjudicates the matter, it must still be an "live case or controversy." *Sullivan v. Benningfield*, 920 F. 3d 401, 410 (6th Cir 2019)(*quoting Burke v Barnes*, 479 U. S. 361, 363 (1987)). The decision to permit a party to join an ongoing lawsuit falls within the district court's discretion. *Independent Liberty Life Insurance Company v. Fiduciary and General Corp.,* 91 F.R.D. 535, 537 (E. D. Mich. 1981)(citation omitted). Permitting parties to join ongoing lawsuits promotes judicial economy and avoids multiple lawsuits in which the same facts and law would be litigated, potentially resulting in different outcomes. *See Id.* The rule "is a procedural rule based on trial convenience." *Id. (quoting Gates v LG DeWitt, Inc,* 528 F. 2d 405, 413 (5th Cir. 1976)).

Noting that Sun Valley Transportation, LLC was formed on March 22, 2023, Defendant argues that the notice of appearance does not automatically make Sun Valley Transportation, LLC a party to this case, "Sun Valley, LLC cites no authority to demonstrate that it could be a successor-in-interest to a sole proprietorship" and that it is not clear that Sun Valley Transportation, LLC

4

could ever have standing to pursue the claims in this matter. Docket No. 38.

Judgment was entered in this case on January 12, 2011. Docket No. 17. The Plaintiff's motion to set aside judgment (Docket No. 26) was denied by the Court in its final order on November 5, 2013. Docket No. 29. The undersigned concludes that permitting Sun Valley Transportation, LLC to join a lawsuit that no longer exists would not promote judicial economy and would not avoid the multiplicity of lawsuits. Though not addressed by the Movant, there is no case or controversy for it to join. As noted above, this action was dismissed over thirteen years ago. The Movant offers the Court no authority and the Court is not aware of any that would allow it to join a lawsuit that no longer exists and has not for such a long period of time. Further, the Movant does not address Defendant's arguments regarding its authority to be a successor-in-interest to a sole proprietorship or standing to pursue the claims asserted in the underlying matter. Finally, permitting the joinder would not avoid multiple lawsuits as the Plaintiff in this action has already filed many actions considered by this Court and others. *See* Case No. 3:18-cv-1023, Docket No. 175 (collecting cases).

For these reasons, the undersigned recommends the motion for joinder (Docket No. 33) be **DENIED**.

### B. Rule 60(d)(3) Motion to Overturn Prior Judgment Based on Fraud on the Court

Even if the Movant were allowed to join this action, the motion and corrected motion to reopen the case and overturn the prior judgment based on fraud must fail.

The Movant argues that based upon statements made by the attorneys representing Citizens Bank in a subsequent related lawsuit on May 20, 2019, regarding Dwight Mitchell's residence require that the judgment be overturned. Docket No. 33, pp. 2-4. Essentially, Movant states that in the instant litigation, the Defendant argued that the Plaintiff did not reside at the property and in

the subsequent litigation, counsel stated that it was not argued that Michell did not reside at the property in question. *Id.* In the Plaintiff's motion for reconsideration and subsequent motion to set aside dismissal, he argued that he did in fact live on the property during the relevant time. *Id.* at p. 3. In response to the motion to set aside, the Movant asserts that the Defendant "made the conclusory argument that 'even if these were new factual allegations, they do not support any claims under the Truth and Lending or Fair Housing Acts, which are the claims the Court identified as possible claims for relief.'" *Id.* at p. 4. Movant states this argument was false because the Truth in Lending and Fair Housing Act apply "if the loans and or discrimination apply to the party's principal dwelling." *Id.*

In response, the Defendant asserts that the arguments it made "simply took at face value the actual allegations in the Complaint." Docket No. 38, p. 7. It submits that the characterization of its arguments in the subsequent litigation were in fact accurate and the arguments regarding how allegations in the Complaint should have been construed to infer that Mr. Mitchell lived on the real property should have properly been made in response to the Defendant's motion to dismiss. *Id.* at p. 8.

In reply, the Movant notes the multiple instances in the various pleadings including the Complaint itself, that Plaintiff lived on the property at the relevant time. Docket No. 39. Movant notes "there was ample evidence for anyone not showing willful blindness to the truth that during the relevant period, the time the loans were made, the property in question was indeed Plaintiff Mitchell's dwelling." *Id.* at p. 3. Movant asserts that Mr. Mitchell did not argue the issue of fraud in his motion to reconsider or motion to set aside the judgment and that Judge Haynes did not in fact rule on this issue when addressing Mitchell's motions. *Id.* at pp. 5-7.

Rule 60(d)(3) of the Federal Rules of Civil Procedure allows a Court to "set aside a

6

judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Rule 60(d)(3), which has no time limitations, functions as a "savings clause" and is available in "unusual and exceptional circumstances." *Mitchell v. Rees*, 651 F. 3d 593, 595 (6th Cir. 2011)(*quoting Rader v. Cliburn*, 476 F. 2d 182, 184 (6th Cir. 1973)). Relief under Rule 60(d)(3) is limited to "the most egregious conduct involving a corruption of the judicial process itself." *Gen. Med. P. C. v. Horizon/CMS Healthcare Corp.*, 475 F. Appx. 65, 71(6th Cir. 2012)(quoting 11 *Charles Alan Wright et al.*, Federal Practice & Procedure § 2870 (West 2011)).

A party seeking relief under Rule 60(d)(3) must present clear and convincing evidence of the following elements:

> (1) [conduct] on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court.

*Johnson v. Bell,* 605 F. 3d 333, 339 (6th Cir. 2010); (quoting *Carter v. Anderson,* 585 F. 3d 1007, 1011–12 (6th Cir. 2009)).

"In practice, this means that even fairly despicable conduct will not qualify as fraud on the court." *Gen. Med. P. C.*, 475 F. Appx. At 71, (*quoting* Moore's Federal Practice § 60.21[4][c] (collecting cases that perjury and non-disclosure by a single litigant did not rise to the level of fraud on the court)).

Regarding any statements or actions by any of the lawyers in this matter, the Movant has not sufficiently plausibly pled the fraud resulted in the deception of the Court. Relief under Rule 60(d)(3) is usually "reserved for circumstances in which, for example, a judge or juror has been bribed, a bogus document is inserted in the records, or improper influence has been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged. *Morawski v, United States Dept. of Agriculture*, 2010 WL 2663201, at *7 (E. D. Mich

7

July 2, 2010).

Even if the Court assumes for purposes of this analysis, the first, second and fourth elements of fraud on the court are met, Plaintiff's claims still fall short of satisfying the third and fifth elements of fraud on the court.

1. **Intentionally False, Willfully Blind to the Truth, or in Reckless Disregard of the Truth**

The sum and substance of the Movant's argument is based upon the following statement in the Defendant's motion to dismiss:

> While a nursing home may be a dwelling for its elderly residents, it is not a dwelling with regard to Mitchell.

Docket No. 13, p. 8

The Movant asserts that the Defendant showed willful blindness and reckless disregard to the truth based on the allegations in the Complaint such that "[t]he only *reasonable* inference is that Plaintiff Mitchell lived at the Hartsville property with the patients." Docket No. 33, p. 3. (emphasis in original). Movant contends that the Defendant had a duty to come forward to correct the assertion that Mitchell did not live at the property and despite Mitchell's assertion in the Motion to Set Aside the Dismissal and Motion for Reconsideration that the property was his residence, those assertions were ignored by the Defendant. *Id.* at pp. 3-4.

In response, the Defendant asserts that "it simply took at face value the actual allegations in the Complaint." Docket No. 38, p. 7. It argues that allegations about how the Complaint should have been construed to infer that Mitchell lived on the real property at issue should have been addressed in response to the motion to dismiss or through a motion to amend prior to judgment being entered. *Id.* at pp. 8-9. In the end, the Defendant contends "the Court did not rely on anything outside the Complaint in reaching its opinion on the motion to dismiss and the Court was aware of

8

the issue now asserted but 'found that it did not undermine its order dismissing this action.'" *Id.* at p. 7.

First, Defendant's argument on the motion to dismiss was clearly based upon the allegations set forth in the Complaint that the Trousdale property was for a commercial venture rather than as Mitchell's principal dwelling. Docket No. 13, p. 8. The Defendant quoted multiple allegations from the Complaint to support this contention. The Defendant made these arguments based solely upon the allegations made by the Plaintiff and were entitled to make such arguments in light of those pleadings. It was the Defendant's contention that the property was acquired for commercial purposes, and it cited allegations made by the Plaintiff to support this contention. The argument that the Defendant should have "inferred" otherwise is unconvincing. It is the Plaintiff's duty to affirmatively plead his allegations and if he fails to do so or is unclear in doing so it is the prerogative of the opposing party to accept the pleading as they are made. If the Plaintiffs believed that the allegations were misunderstood, misconstrued or misrepresented, they had the opportunity to correct or clarify either the record or the Complaint itself by responding to the motion to dismiss. However, the Plaintiff did neither. In the end, it was the Court that made the decision in this case based upon the record before it, which included the allegations set forth in the Complaint. The Plaintiff offers no "clear and convincing evidence" that the Defendant or its counsel, made representations that were "intentionally false, willfully blind to the truth, or in reckless disregard of the truth." Nothing prevented Plaintiff from presenting his case "fully and fairly." *Demjanjuk v. Petrovsky,* 10 F. 3d 338, 354 (6th Cir 1993).

2. **Deceives the Court**

The Movant also failed to satisfy, by clear and convincing evidence, the fifth element of fraud on the Court which requires the judge to actually have been deceived. To show successfully

that the Court was deceived, a party must show the alleged fraud "subverted the judicial process." *Lacks Industry, Inc. v. McKechnie Vehicle Components USA, Inc*, 407 F. Supp 2d 834, 850 (E. D. Mich. 2005). The action must prevent the Court from performing in the usual manner to impartially adjudge the case presented. *See, Followell v. Mills*, 317 F. Appx. 501, 506 (6th Cir 2009).

The fact is the Court has already considered all the evidence proffered by the Movant in the instant motion when ruling on the motion to dismiss and the motions to set aside and to reconsider. The Movant highlights this in his reply brief stating "there was ample evidence for anyone not showing willful blindness to the truth that during the relevant period, the time the loans were made, the property in question was indeed Plaintiff Mitchell's dwelling." (emphasis added) Docket No. 39 at p. 3.

The Movant argues that the Plaintiffs' Complaint alleged that the property was his residence. Docket No. 39, p. 2. It further argues that Plaintiff's timely motion for reconsideration included an affidavit alleging the property was his residence. *Id.* at p. 3. These arguments were all rejected by the Court. Docket Nos. 16, 23 and 29. The Movant cannot now come before this Court, over ten years after its judgment claiming fraud on the Court with the exact same evidence this Court previously considered when dismissing the Complaint. The Defendant's representations were known at the time its motion to dismiss was filed on December 8, 2010. The alleged conduct in the 2018 litigation is a red herring and offers no basis or excuse for the delay in presenting these issues to the Court. Relief under 60(d)(3) is reserved for "the most egregious conduct involving a corruption of the judicial process itself [,]" it is not a back door for litigants who sleep on their rights. *11 Charles Alan Wright et al.*, Federal Practice & Procedure § 2870 (West 2011)(collecting cases).

Even if the Court were to find the Defendant or their counsel had conducted themselves in

a deceitful manner (and it has not), relief under Rule 60(d)(3) would still be inappropriate. If the Defendant and its counsel drew the inferences the Movant suggest they should have, but nonetheless represented to the court based upon the actual allegations of the Complaint that this was a commercial transaction, it is surely not the sort of "flagrant abuse" which would necessitate the "extraordinary relief" afforded under Rule 60(d)(3). *Gen. Med. P. C* 475 F. Appx. 71 (6th Cir. 2012).

## CONCLUSION

For the reasons set forth herein, the undersigned recommends that the motion to overturn prior judgment and corrected motion to overturn prior judgment based on Rule 60(d)(3) fraud on the Court and for addition of Sun Valley LLC as Plaintiff (Docket Nos. 33 and 35) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**