UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DWIGHT MITCHELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:10-cv-00569 |
| | ) |
| CITIZEN'S BANK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are two Reports and Recommendations ("R&Rs") issued by the Magistrate Judge. The first R&R (Doc. No. 48) recommends that the Court deny the pending "Motion to Overturn Prior Judgment Based on Rule 60(d)(3) Fraud on the Court and for Addition of Sun Valley LLC as Plaintiff" (Doc. No. 33), and the "Corrected Motion to Overturn Prior Judgment Based on Rule 60(d)(3) Fraud on the Court" (Doc. No. 35). The second R&R (Doc. No. 49) recommends that the Court deny the pending "Motion for Rule 11 Sanctions" (Doc. No. 40). Sun Valley Transportation LLC filed objections to the first R&R (Doc. No. 52), Defendant Citizens Bank filed a response to those objections (Doc. No. 56), and Plaintiff Dwight Mitchell weighed in with his own "objections" (Doc. No. 55). For the following reasons, all objections will be overruled, and the Magistrate Judge's R&Rs will be approved and adopted.

## I. BACKGROUND

As the R&Rs explain in detail, this is one of Mitchell's many cases arising out of Citizens Bank's foreclosure and conveyance of his real property more than a decade ago. In short, Mitchell is the owner and operator of Sun Valley Home for the Aged, "a business established as a sole proprietorship . . . to house elderly persons and provide assisted living accommodations" in Hartsville, Tennessee. (Doc. No. 1 ¶ 2). In February 1990, Mitchell purchased land in Hartsville

to set up a physical retirement home business that Sun Valley Home for the Aged operated. (Id. ¶¶ 4–5). Starting in or around February 1995, Mitchell acquired loans totaling $375,00.00 from Citizens Bank to bring the facility's "structure up to codes," "cover the costs of upgrades," "add an appropriate sprinkler system," "make other physical upgrades" to the facility and surrounding seventeen acres of land, and later, in 2002, "remodel his Hartsville facilities." (Id. ¶¶ 5, 8–9, 12–14). "Mitchell d/b/a Sun Valley Home for the Aged" secured each loan by executing a deed of trust pledging his land as collateral. (Id. ¶¶ 8, 10, 13, 14).

In August 2007, the State of Tennessee closed the Sun Valley Home for the Aged and removed all patients. (Id. ¶ 16). Mitchell then failed to repay the loans from Citizens Bank, and the bank "initiated foreclosure proceedings on one or more of the deeds of trust mentioned above." (Id. ¶ 15). Mitchell responded by filing for bankruptcy four times between 2008 and 2010, but Citizens Bank finally foreclosed on (and later purchased) the Hartsville property in September 2010. (See Doc. No. 13 at 4).

In addition to Mitchell's numerous bankruptcy petitions, he also filed several administrative complaints, lawsuits, and appeals complaining about the foreclosure of his property. In this 2010 case, Mitchell, proceeding pro se, sued Citizens Bank for violating the Truth in Lending Act ("TILA") and the Fair Housing Act ("FHA"), alleging that Citizens Bank "administered the loans" to Mitchell "in ways that discriminate[d] against him and his business on the basis of race," forged the deeds of trust, colluded with the District Attorney "to plant developed maggots on the foot of a client living at Sun Valley Home for the Aged," and conspired to shut down Mitchell's business so that he could not make timely payments on his loans. (Doc. No. 1 ¶¶ 17–23). The Court initially reviewed the pro se complaint for frivolity and found "that it contains at least one colorable claim under the Truth in Lending Act and Fair Housing Act." (Doc. No. 6

at 2).

On January 11, 2011, Citizens Bank (represented by James DeLanis) moved to dismiss the Complaint because the TILA and FHA only apply to residential transactions, not commercial transactions, and "Mitchell has never asserted that the secured property was his principal dwelling." (See Doc. No. 13 at 8). Citizens Bank further argued that "[w]hile a nursing home may be a dwelling for its elderly residents, it is not a dwelling with regard to Mitchell." (Id.). Mitchell did not file an opposition or otherwise respond to Citizens Bank's arguments. In granting the unopposed motion to dismiss, the Court agreed that the "complaint alleges commercial transactions, namely a loan for improvements to the retirement facility in Hartsville," but "does not allege that the secured property was [Mitchell's] principal dwelling." (Doc. No. 15 at 3). As a result, the Court found that Mitchell's TILA and FHA claims were meritless, and it dismissed the case with prejudice. (Doc. Nos. 16, 17). Two years later, in 2013, Mitchell moved to set aside the Court's dismissal Order based on "newly discovered" evidence that the deeds of trust were invalid, (Doc. No. 26), but that motion was quickly denied (Doc. No. 29).

In 2019, Mitchell added claims against DeLanis in a different case for allegedly "committing fraud on the court when he falsely claimed that [Mitchell] did not live at the property in question when the loans were made in order to get out from under the Truth In Lending Act." Mitchell v. Taylor, et al., No. 3:18-cv-01023 (M.D. Tenn.) (hereinafter, "Taylor"), Doc. No. 26 ¶ 136. DeLanis moved to dismiss the Taylor Complaint, clarifying that he "did not argue that Mitchell did not reside on the property in question. Rather, based on the allegations in the Complaint, [he] contended that the Court should draw a reasonable inference that the property that was the subject of the lawsuit was acquired for commercial purposes." Taylor, Doc. No. 118 at 11.

On April 16, 2023, nearly ten years after the Court denied Mitchell's motion to set aside

3

the judgment in this case, an entity called "Sun Valley Transportation LLC" filed a slew of motions that remain pending before this Court. (Doc. Nos. 33, 35, 40). In sum, Sun Valley Transportation argues that it should "be added to this matter as a co-Plaintiff," that the Court's judgment should "be overturned due to fraud on the court" because DeLanis "falsely claimed that Plaintiff Mitchell did not live at the nursing home with his patients," and that res judicata should not apply in this case "or any cases dependent on it." (Doc. No. 33).

On February 14, 2024, the Magistrate Judge issued a thorough and well-reasoned R&R recommending that this Court deny Sun Valley LLC's motions to join the case and overturn the Court's prior judgment under Federal Rule of Civil Procedure 60(d)(3). (Doc. No. 48). The Magistrate Judge also issued a second R&R recommending that this Court deny the motion for sanctions because the arguments are essentially identical to those made in Sun Valley Transportation's other motions. (Doc. No. 49). Sun Valley Transportation has objected to the first R&R on several grounds. (See Doc. No. 52).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2).

The Court's Local Rules also require that proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R.

72.02(a). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). "[A]n 'objection' that does nothing more than state a disagreement with a [Magistrate Judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019) (quoting VanDiver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich 2004)).

### III. SUN VALLEY TRANSPORTATION LLC'S OBJECTIONS

The Court begins by addressing Sun Valley Transportation's objections to the recommended denial of its motion to reopen the case under Rule 60(d)(3). As an initial matter, Sun Valley Transportation argues that the Magistrate Judge "is attempting to change the standard for fraud on the court." (Doc. No. 52 at 4). Nothing could be further from the truth. To summarize the R&R (Doc. No. 48 at 6–8), Rule 60(d)(3) permits the Court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Post-judgment relief for "fraud on the court" is a narrow and "truly extraordinary" remedy. Gen. Med., P.C. v. Horizon/CMS Health Care Corp., 475 F. Appx. 65, 70–71 (6th Cir. 2012) (citing Sup. Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010)). Indeed, the fraud-on-the-court doctrine reaches only "the most egregious conduct involving a corruption of the judicial process itself," including "such flagrant abuses as bribing a judge, employing counsel to exert improper influence on the court, and jury tampering." Id. at 71 (citations omitted). To show fraud on the court, a party must present *clear and convincing evidence* of the following elements:

> 1) conduct on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

5

Id. (quoting Johnson v. Bell, 605 F.3d 333, 339 (6th Cir. 2010)). The Magistrate Judge accurately described these legal standards, and the R&R does nothing to "change" these well-settled principles.

Before moving to Sun Valley Transportation's remaining objections, including its disagreement with the Magistrate Judge's *application* of the above standards, the Court pauses to emphasize a few things. To begin with, the only "fraud" alleged here is that Citizens Bank purportedly deceived the Court when it argued in its motion to dismiss that "a nursing home . . . is not a dwelling with regard to Mitchell." This is important because Sun Valley Transportation repeatedly refers to alleged "false" and "inconsistent" statements that Citizens Bank's lawyers made in a May 2019 motion filed in Mitchell v. Taylor, et al., No. 3:18-cv-01023 (M.D. Tenn.). (See, e.g., Doc. Nos. 33 at 2; 52 at 12). But those statements, even if false, were made in a different case years after this case closed, and it is unclear how such statements could possibly constitute fraud on *this* Court. Thus, any post-judgment statements made in Taylor are, at best, a red herring.

It is also worth highlighting the procedural posture in which the alleged "fraud" occurred. Again, Citizens Bank argued in its *motion to dismiss* that "a nursing home . . . is not a dwelling with regard to Mitchell." (Doc. No. 13 at 8). The sole purpose of a motion to dismiss is to challenge the sufficiency of the pleadings, and the Court's inquiry is limited to whether the complaint contains sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court cannot find facts or rule on a factual dispute at the motion to dismiss stage. See Rembisz v. Lew, 590 F. App'x 501, 503–04 (6th Cir. 2014). As a result, the Court understood that any factual arguments in Citizens Bank's motion to dismiss were based solely, and exclusively on what was (or was not) alleged in the Complaint.

Most importantly, as the Magistrate Judge cogently explained, the Complaint does not

specifically allege that the nursing home was Mitchell's principal dwelling, and Citizens Bank was both entitled and required to limit its arguments to the Complaint's allegations. (See id. at 9). If Mitchell or Sun Valley Home for the Aged "believed that the allegations were misunderstood, misconstrued or misrepresented, they had the opportunity to correct or clarify either the record or the Complaint itself by responding to the motion to dismiss," but they "did neither." (Id.). "It is the Plaintiff's duty to affirmatively plead his allegations[,] and if he fails to do so or is unclear in doing so[,] it is the prerogative of the opposing party to accept the pleadings as they are made." (Id.).

With this context in mind, the Court agrees with the Magistrate Judge that Sun Valley Transportation fails to provide any evidence—let alone clear and convincing evidence—potentially demonstrating that the Court was somehow deceived by Citizens Bank or its attorneys. The Court acknowledged its role on a motion to dismiss by citing the correct standard. (See Doc. No. 15 at 2–3). And regardless of whether Citizens Bank affirmatively argued that the nursing home was not Mitchell's principal dwelling, as opposed to arguing that *the Complaint does not allege* that the nursing home was Mitchell's principal dwelling, the Court's reviewing lens remained the same. That is, the Court's sole focus was on whether the Complaint, viewed in the light most favorable to Mitchell, alleged that the nursing home was his principal dwelling. The Court was not deceived by any "positive averments" untethered to the Complaint (see Doc. No. 52 at 6), as it found that "Plaintiff does not *allege* that the secured property was his principal dwelling," and that "Plaintiff does not *allege* that Defendant discriminated against him in connection with his dwelling or a transaction concerning Plaintiff's residence." (Doc. No. 15 at 3–4 (emphases added)). Without any evidence demonstrating that Citizens Bank or its attorneys actually "deceive[d] the court," Sun Valley Transportation's motion under Rule 60(d)(3)

necessarily fails.

As a final note, Sun Valley Transportation relies heavily on the Sixth Circuit's 1993 opinion in Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993), to argue that an attorney's untruthful "positive averment" of fact may rise to the level of Rule 60(d)(3) fraud on the court. (See Doc. No. 52 at 4–6). In Demjanjuk, the Sixth Circuit found that government attorneys "engaged in prosecutorial misconduct by failing to disclose to the courts and to the [habeas corpus] petitioner exculpatory information in their possession during litigation culminating in extradition proceedings, which led to the petitioner's forced departure from the United States and trial on capital charges in the State of Israel." Demjanjuk, 10 F.3d at 339. The denaturalization and deportation orders in that case were based solely on the district court's finding that the petitioner was "Ivan the Terrible," yet the government failed to disclose at least three sets of documents in its possession indicating that a different person was the actual Ivan the Terrible. In analyzing whether the government's nondisclosure of documents constituted fraud on the court, the panel reasoned that the rule enunciated in Brady v. Maryland, 373 U.S. 83 (1963) extends to civil cases in which the government seeks denaturalization or extradition based on proof of alleged criminal activities. Demjanjuk, 10 F.3d at 353. It then held that the government's actions constituted "fraud on the court in the circumstances of this case where, by recklessly assuming [petitioner's] guilt, [the government attorneys] failed to observe their obligation to produce exculpatory materials requested by" the petitioner. Id. at 354.

The facts in Demjanjuk are so inapposite to the instant dispute that they provide no support for Sun Valley Transportation's argument. Instead, Demjanjuk merely provides an example of egregious conduct "that actually subvert[s] the judicial process" and prevents the court from performing "in the usual manner its impartial task of adjudging cases." Id. at 352. Unlike a Brady

8
Case 3:10-cv-00569   Document 57   Filed 03/21/24   Page 8 of 12 PageID #: 516

violation that results in extradition proceedings, however, an attorney seeking dismissal based on the Complaint's allegations does not constitute fraud on the court. Cf. General Medicine, 475 F. App'x at 71 (observing that "even fairly despicable conduct" such as perjury and non-disclosure by a single litigant likely "will not qualify as fraud on the court"). Accordingly, the Court agrees with the Magistrate Judge that Sun Valley Transportation falls short of satisfying the standard to set aside the judgment under Rule 60(b)(3). (See Doc. No. 48 at 8).

Given the Court's finding that there has been no fraud on the court, the remaining objections to the R&R fall by the wayside. For example, Sun Valley Transportation objects to the Magistrate Judge's recommendation that the Court deny its motion for joinder because it is the legal successor-in-interest to Sun Valley Home for the Aged and "is already a party to this case." (See Doc. No. 52 at 1–4). But as the Magistrate Judge explained, "this action was dismissed over thirteen years ago," and "permitting Sun Valley Transportation, LLC to join a lawsuit that no longer exists would not promote judicial economy and would not avoid the multiplicity of lawsuits." (Doc. No. 48 at 5). Even assuming, without deciding, that Sun Valley Transportation is a successor-in-interest to Sun Valley Home for the Aged, the Court will not exercise its broad discretion under either Rule 21 or 25(c) to make Sun Valley Transportation a co-Plaintiff here. See Lee v. Dell Prods., L.P., 2006 WL 2981301, at *6 (M.D. Tenn. Oct. 16, 2006); see also Froning's Inc. v. Johnston Feed Serv., Inc., 568 F.2d 108, 110 n.4 (8th Cir. 1978) ("The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves."). It would be a waste of judicial resources to join Sun Valley Transportation as a party merely so it can move to reopen the case based on fraud that does not exist.

It is difficult to discern the exact nature of Sun Valley Transportation's remaining

objections to the R&R, particularly ones that involve statements made to the Court in Taylor. One confusing objection is that the Magistrate Judge's analysis "runs afoul of the Sixth Circuit's judicial estoppel doctrine." (Doc. No. 52 at 7). "The doctrine of judicial estoppel prevents a party who successfully assumed one position in a prior legal proceeding from assuming a contrary position in a later proceeding." Mirando v. U.S. Dept. of Treasury, 766 F.3d 540, 545 (6th Cir. 2014). Sun Valley Transportation cites the general standard for this doctrine, but it does provide any basis for why Citizens Bank should be judicially estopped from anything in *this* case. To the extent Sun Valley Transportation argues that Citizens Bank took a contrary position in a different case, that is not an issue that this Court needs to decide. Another confusing objection is Sun Valley Transportation's passing reference to Mitchell's pro se status. (Doc. No. 52 at 14–15). There is no need to spend much time on this vague "objection," however, because it fails to apprise the Court of the bases for the objection and fails to comply with Local Rule 72.02(a).

Having conducted a de novo review of both R&Rs, as well as those portions that were properly objected to, the Court agrees with the Magistrate Judge's recommended disposition to deny Sun Valley Transportation's motions.

## IV.    MITCHELL'S OBJECTIONS

Although Mitchell does not have any motions currently pending in this case, he nevertheless filed objections to the R&R to make clear that he "reserves the right to file a separate motion to reopen this case." (Doc. No. 55 at 1). To be clear, Mitchell's objections to the R&R are improper and need not be considered. But they do give the Court an opportunity to put Mitchell on notice about any future filings in this case.

Mitchell is no stranger to federal courts in the Sixth Circuit. Indeed, his litigation spree against Citizens Bank has earned him a reputation as a vexatious litigant, and has resulted in judges making the following comments about the merits of his related cases:

- A U.S. Court of Appeals Judge stated that "Mitchell's conduct as a vexatious litigant who has continually tried to relitigate a decades-old foreclosure, presents the unusual circumstance where this court will grant sanctions against a pro se litigant." <u>Mitchell v. Citizens Bank of Hartsville</u>, Case No. 18-5474 (6th Cir. Mar. 29, 2019), Doc. No. 27-2 at 2.

- A U.S. Bankruptcy Judge stated that "[t]here is no basis for setting aside dismissal in an eight-year old case based on a motion that raises issues that have been litigated and decided multiple times." <u>In re Dwight J. Mitchell</u>, Case No. 3:09-bk-10241 (Bankr. M.D. Tenn. Aug. 2, 2017), Doc. No. 92 at 3.

- A different U.S. Bankruptcy Judge stated that "the same exact issues are being raised by [Mitchell] which were heard by this Court in [Mitchell's] previous case in February of" 2010. "This Court took Judicial notice that this case is the fourth bankruptcy [Mitchell] has filed since 2008 and ruled that the issue raised in opposition to [Citizens Bank's] Motion are Res Judicata." <u>In re Dwight J. Mitchell</u>, Case No. 3:10-bk-06545 (Bankr. M.D. Tenn. Aug. 6, 2010), Doc. No. 47 at 1.

- Former U.S. District Judge Sharp noted that "[t]he time for making such arguments is long past, and, indeed, as the Court previously observed, [Mitchell] has had more than enough bites at the apple." <u>Mitchell v. Taylor</u>, Case No. 3:15-cv-01310 (M.D. Tenn. Jan. 3, 2017), Doc. No. 120 at 1-2.

- Former U.S. District Judge Haynes warned Mitchell "that any further attempts to relitigate these issues may result in sanctions." <u>Mitchell v. Taylor</u>, Case No. 3:13-00569 (M.D. Tenn. Apr. 27, 2015), Doc. No. 97 at 3.

Yet despite these repeated admonitions, Mitchell remains undeterred in other cases and has previewed that he may continue to press issues in this case that have long been resolved.

"The Court has a duty to protect and preserve the sound and orderly administration of justice," and "frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit." <u>Purk v. United States</u>, 2005 WL 776135, at *3 (S.D. Ohio Feb. 4, 2005) (citations and internal quotation marks omitted). Pursuant to its "inherent power to control its docket," the Court may impose restrictions to prevent repetitive or vexatious filings such as "imposition of a prefiling injunction or sanctions . . . requiring the abusive litigant to pay the opposing party's attorney fees." <u>Id.</u> (citing

Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998)). Accordingly, Mitchell is hereby on notice that future repetitive and meritless filings will result in a filing injunction and/or hefty monetary sanctions. The Court further encourages the litigants not to make any more filings in the above-captioned case (which has been closed since 2013), with the exception of any notice of appeal from this order.

V. **CONCLUSION**

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Magistrate Judge's R&Rs (Doc. Nos. 48, 49) are **APPROVED AND ADOPTED**.

2. The "Motion to Overturn Prior Judgment Based on Rule 60(d)(3) Fraud on the Court and for Addition of Sun Valley LLC as Plaintiff" (Doc. No. 33) is **DENIED**.

3. The "Corrected Motion to Overturn Prior Judgment Based on Rule 60(d)(3) Fraud on the Court" (Doc. No. 35) is **DENIED**.

4. The Motion for Rule 11 Sanctions (Doc. No. 40) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE